**COSTELLO & MAINS, LLC**
By: Deborah L. Mains
18000 Horizon Way, Suite 800
Mount Laurel, NJ 08054
(856) 727-9700
Attorneys for Plaintiff

| | |
|---|---|
| ELYSE CONNOR, MICHELLE MCDERMOTT, | UNITED STATES DISTRICT COURT |
| | DISTRICT OF NEW JERSEY |
| Plaintiff(s), | CIVIL ACTION |
| vs. | **Electronically filed** |
| WORLD MART, INC.; HOT HAAT MARKETPLACE, INC; DEEPAK BAWEJA; MINA BAWEJA; and JOHN DOES 1-5 AND 6-10, | DOCKET NO: |
| | **COMPLAINT AND JURY DEMAND** |
| Defendant(s). | |

Plaintiffs Elyse Connor and Michelle McDermott ("Plaintiffs"), residing in the County of Burlington, State of New Jersey, by way of complaint against the defendants, says:

**Preliminary Statement**

1. This action is brought by plaintiffs to remedy violations of the Fair Labor Standards Act, as amended, 29 U.S.C. Sec. 201, et seq. ("FLSA") and the New Jersey Wage and Hour Law ("NJWHL").

**Jurisdiction and Venue**

2. Jurisdiction of the Court is invoked pursuant to 29 U.S.C. Sec. 216(b), 28 U.S.C. Sec. 1331 and 28 U.S.C. Sec. 1332.

3. Because plaintiffs and defendants are residents of the district of New Jersey, venue is proper within this district pursuant to 28 U.S.C. Sec. 1391.

## Identification of Parties

1. Plaintiff Elyse Connor resides at 102 S. Pine Ave., Maple Shade, NJ, and at all pertinent times herein, was employed by defendants.

2. Plaintiff Michelle McDermott resides at 15 West Woodcrest Ave., Maple Shade, NJ, and at all pertinent times herein, was employed by defendants.

3. Defendant World Mart, Inc. ("WMI") is a corporation conducting business in the State of New Jersey at 10 Eagle Avenue, Mt. Holly, NJ and is an employer within the meaning of the Fair Labor Standards Act and New Jersey Wage and Hour Law.

4. Defendant Hot Haat Marketplace, Inc. ("HHM")is a corporation conducting business in the State of New Jersey at 10 Easle Avenue, Mt. Holly, NJ and is an employer within the meaning of the Fair Labor Standards Act and New Jersey Wage and Hour Law.

5. Defendant Deepak Bajewa is an individual who acts directly or indirectly in the interest of WMI and HHM in relation to their employees, including plaintiffs.

6. Defendant Mina Bajewa is an individual who acts directly or indirectly in the interest of WMI and HHM in relation to their employees, including plaintiffs.

7. WMI is an employer within the meaning of 29 USC Sec. 203 and within the meaning of the NJWHL. Upon information and belief WMI has gross annual revenue in excess of $500,00 per year.

8. HHM is an employer within the meaning of 29 USC Sec. 203 and within the meaning of the NJWHL. Upon information and belief WMI has gross annual revenue in excess of $500,00 per year.

9. HHM and WMI are dual and/or joint and/or special employers of the plaintiffs.

10. HHM and WMI are an enterprise within the meaning of the FLSA and NJWHL.

11. Defendants John Does 1-5 and 6-10, currently unidentified, are individuals and/or entities who, on the basis of their direct acts or on the basis of *respondeat superior*, are answerable to the plaintiff in this matter.

## General Allegations

12. Plaintiff Connor was employed by defendants from on or around September 6, 2016 through her last day of employment on or around June 9, 2017.

13. Plaintiff McDermott was employed by defendants from on or around September 26, 2016 through her last day of employment in or around October 2017.

14. Plaintiffs were both hired to perform customer service, routine clerical and warehouse work earning $10.50 per hour.

15. In or around November 2016, each plaintiff's hourly rate increased to $12.00 per hour.

16. Plaintiffs were hourly paid employees through the entirety of their employment.

17. Plaintiffs weekly hours varied and details cannot be provided prior to the conduct of discovery.

18. Defendants failed to maintain accurate records of the hours worked by plaintiffs.

19. In addition, defendants failed to provide paystubs to plaintiffs, in violation of the New Jersey Wage Payment Law.

20. As a result, it was difficult to impossible for plaintiffs to compare their gross earnings with the hours that they worked each week.

21. Plaintiffs estimate that they worked anywhere from 41 to 50 hours or more each week for many weeks of their employment, particularly between September 2016 and June 2017.

22. Defendants failed to pay overtime for all hours worked by plaintiffs in excess of forty per week.

23. Upon information and belief, there were weeks for which defendants failed to pay plaintiffs for all hours worked, in violation of the New Jersey Wage Payment Law.

24. Defendants have willfully refused to pay overtime to plaintiffs in an amount equal to one and one half the regular hourly rate for all hours worked in excess of 40 per week.

25. As hourly paid employees, plaintiffs cannot be deemed exempt from the overtime requirements of the FLSA or NJWHL, regardless of their job duties.

26. Defendants' refusal to pay overtime mandates the imposition of liquidated damages.

## COUNT I

### FLSA Violation

27. Plaintiffs hereby repeat and reallege paragraphs 1 through 26 as though fully set forth herein.

28. Plaintiffs, during the course of their employment, regularly worked more than forty hours in a work week.

29. Defendants failed to pay plaintiffs overtime compensation at one and one-half times the regular hourly rate for hours worked in excess of forty in a work week.

30. Defendants, by the above acts, have violated 29 U.S.C. Sec. 207.

31. Plaintiffs have suffered monetary damages as a result of defendants' acts.

**WHEREFORE**, plaintiffs respectfully request that this Court enter a judgment;

    (a)    declaring that the acts and practices complained of herein are in violation of the FLSA;

    (b)    declaring that the acts and practices complained of herein are willful violations within the meaning of 29 U.S.C. Sec. 255(a);

    (c)    enjoining and restraining permanently the violations alleged herein, pursuant to 29 U.S.C. Sec. 217;

    (d)    directing defendants to make plaintiffs whole for all unpaid overtime wages due as a consequence of defendants' violation of the FLSA, together with interest thereon from the date(s) such wages were due but unpaid;

    (e)    directing defendants to pay plaintiffs an additional amount of liquidated damages as provided for in 29 U.S.C. Sec. 216(b);

    (f)    awarding plaintiffs the costs of this action together with reasonable attorneys' fees, as provided in 29 U.S.C. Sec. 216(b); and

    (g)    granting such other and further relief as this Court deems necessary and proper.

## COUNT II

### Violation of the NJWHL

32.    Plaintiffs hereby repeat and reallege paragraphs 1 through 31 as though fully set forth herein.

33.    Plaintiffs, during the course of their employment, regularly worked more than forty hours in a work week.

34. Defendants failed to pay plaintiffs overtime compensation for hours worked in excess of forty in a work week.

35. Defendants, by the above acts, have violated the New Jersey Wage and Hour Law.

36. Plaintiffs have suffered monetary damages as a result of defendants' acts.

**WHEREFORE**, plaintiffs respectfully request that this Court enter a judgment;

(a) declaring that the acts and practices complained of herein are in violation of the NJWHL;

(b) directing defendants to make plaintiffs whole for all unpaid overtime wages due as a consequence of defendants' violation of the NJWHL, together with interest thereon from the date(s) such wages were due but unpaid;

(c) awarding plaintiffs the costs of this action together with reasonable attorneys' fees; and

(d) granting such other and further relief as this Court deems necessary and proper.

## COUNT III

### New Jersey Wage Payment Law

37. Plaintiffs hereby repeat and reallege paragraphs 1 through 36 as though fully set forth herein.

38. Defendants failed to pay plaintiffs for all hours worked by them.

39. Defendants failed to issue a statement of deductions made from plaintiffs' wages each pay period.

40.     Defendants, by the above acts, have violated the New Jersey Wage Payment Law, N.J.S.A. 34:11-4.1 et seq.

41.     Plaintiffs have suffered monetary damages as a result of defendants' acts.

**WHEREFORE**, plaintiffs respectfully request that this Court enter a judgment;

(a)     declaring that the acts and practices complained of herein are in violation of the NJWPL;

(b)     directing defendants to make plaintiffs whole for all unpaid wages due as a consequence of defendants' violation of the NJWPL, together with interest thereon from the date(s) such wages were due but unpaid; and

(c)     granting such other and further relief as this Court deems necessary and proper.

Respectfully submitted,

**COSTELLO & MAINS, P.C.**

By: ___/s/ Deborah L. Mains_____
        Deborah L. Mains
18000 Horizon Way, Suite 800
Mt. Laurel, New Jersey 08054
856-727-9700
dmains@costellomains.com

Attorneys for Plaintiffs

Dated:  January 23, 2018

## DEMAND FOR A TRIAL BY JURY

Plaintiffs, by and through their below-signed counsel, hereby demand, pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, a trial by jury on all Counts in the above-captioned action.

**COSTELLO & MAINS, LLC**

By:   /s/ Deborah L. Mains\_\_\_\_\_
          Deborah L. Mains

## DESIGNATION OF TRIAL COUNSEL

Deborah L. Mains, Esquire, of the law firm of Costello & Mains, LLC, is hereby-designated trial counsel.

**COSTELLO & MAINS, P.C.**

By:   /s/ Deborah L. Mains\_\_\_\_\_
          Deborah L. Mains

## **DEMAND TO PRESERVE EVIDENCE**

1. All defendants are hereby directed and demanded to preserve all physical and electronic information pertaining in any way to plaintiff's employment, to plaintiff's cause of action and/or prayers for relief, to any defenses to same, and pertaining to any party, including, but not limited to, electronic data storage, closed circuit TV footages, digital images, computer images, cache memory, searchable data, emails, spread sheets, employment files, memos, text messages and any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, twitter, MySpace, etc.), and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.

2. Failure to do so will result in separate claims for spoliation of evidence and/or for appropriate adverse inferences.

**COSTELLO & MAINS, LLC**

By: /s/ Deborah L. Mains
Deborah L. Mains